# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RECHARD F. CORLEY, | : | Case No. 2:25-cv-1051 |
| Petitioner, | : | |
| | : | District Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| STATE OF OHIO, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, a pretrial detainee at the Franklin County Corrections Center, has filed a pro se Petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (Doc. 1). The Petition is brought in connection with Petitioner's pending criminal charges in Franklin County Common Pleas Case Nos. 2024 CR 5943 and 2023 CR 2397. (*See id.* at PageID 2). Petitioner raises a number of alleged constitutional violations in the state-court proceedings, including claims for excessive bail and speedy trial violations. The Petition appears to be premised on Petitioner's claim that the Franklin County Court of Common Pleas lacks subject matter jurisdiction over his case. (*See id.* at PageID 1). As relief, Petitioner seeks immediate release from custody. (*Id.* at PageID 1; Doc. 3 at PageID 34).

On September 25, 2025, the undersigned issued an Order for Petitioner to show cause why this action should not be dismissed without prejudice on the ground that Petitioner has not exhausted his available state-court remedies. (Doc. 2). Petitioner filed

a response to the Order, reasserting his claim that the state court does not have subject matter jurisdiction over his criminal case, asserting a number of constitutional violations with respect to the pending charges, and seeking immediate release. (*See id.*).

As noted in the Court's prior Order, although it is well-settled that a pretrial defendant may seek federal habeas relief under 28 U.S.C. § 2241, *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *see also Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981), it is also well-settled that a federal court should not interfere in pending state-court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins,* 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden,* 410 U.S. at 489 (1973); *Atkins*, 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state-court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

The Sixth Circuit "has recognized three exceptions [to abstention] that permit a federal court to consider a pre-trial habeas petition." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, *2 (6th Cir. Aug. 31, 2020). They are: (1) where "the petitioner seeks a speedy trial, and available state-court remedies have been exhausted;" (2) where "the

petitioner seeks to avoid a second trial on double jeopardy grounds;" and (3) where "the petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial." *Id.* (citations omitted). The Sixth Circuit appears to have also recognized that an argument concerning the denial of a reasonable bond may also be available prior to trial, where a petitioner has exhausted his state-court remedies. *See Atkins*, 644 F.2d at 549.

In this case, Petitioner does appear to assert that excessive bail was imposed against him and that his speedy trial rights have been violated. (*See* Doc. 1 at PageID 5, 7). However, even assuming that extraordinary circumstances exist to justify this Court's intervention in the ongoing state criminal proceedings against Petitioner, the Petition should be dismissed because Petitioner has not exhausted his available state-court remedies before applying for federal habeas corpus relief.[1]

From a review of the Franklin County Clerk of Court online docket records, it does not appear that Petitioner has raised his speedy trial or excessive bond claims at any point during the state-court proceedings or otherwise exhausted his grounds for relief. It therefore appears that Petitioner has not exhausted his available state court remedies prior

---

[1] Although Petitioner includes claims that his public defender "refused to file any of the necessary motions in his defense for the petitioner" (*see* Doc. 1 at PageID 1-2), on August 21, 2025, Petitioner was appointed private counsel and his public defender withdrew from the case. As noted below, a review of the Franklin County Clerk of Courts online docket records does not reveal that Petitioner has challenged the state-court's bail determination, asserted his speedy trial rights, or otherwise exhausted his claims in the state court. (Viewed at: https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline under Case Nos. 2024 CR 5943 & 2023 CR 2397). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

to filing the instant petition. *See, e.g., Rivers v. Kountz*, No. 4:22-CV-591, 2022 WL 2718833, at *2 (N.D. Ohio June 27, 2022) ("Pretrial detainees proceeding under Section 2241 'must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort.'") (quoting *Phillips v. Hamilton Cty. Ct. of Comm. Pleas*, 668 F.3d 804, 810 n.4 (6th Cir. 2012)).

Moreover, with respect to his speedy trial claim, Petitioner does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather he appears to assert the claim in an effort to have the pending criminal charges dismissed. *See Atkins*, 644 F.2d at 546-47 (pretrial consideration of an exhausted speedy trial claim was proper where the petitioner sought a prompt trial date, as opposed to dismissal of the charges, as relief); *Hairston v. Franklin Cnty. Court of Common Pleas*, No. 2:17-cv-353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017) ("a federal court may issue an order requiring a state to promptly bring a petitioner to trial after a petitioner has exhausted all state remedies available to him on that issue. On the other hand, on the basis of comity considerations, federal courts abstain from exercising habeas jurisdiction where a petitioner seeks to have charges dismissed on speedy trial grounds.") (Report & Recommendation), *adopted*, 2017 WL 2972151 (S.D. Ohio July 12, 2017).

Accordingly this action should be dismissed without prejudice for lack of exhaustion and, with respect to his speedy trial claim, because Petitioner's requested relief is not properly brought in a pretrial § 2241 petition, *see Atkins,* 644 F.2d at 546-48.

4

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's pro se petition for a writ of habeas corpus be **DISMISSED without prejudice** to refiling after Petitioner has exhausted all available state court remedies.

2. A certificate of appealability should not issue because, for the foregoing reasons, Petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** Petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

        */s/ Caroline H. Gentry*
        Caroline H. Gentry
        United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the

portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).